THE STATE OF IOWA, Appellant, v. J. H. JOHNSON *et al.*, Appellees.

Unlawful Assembly: INJURY TO BUILDING: CONSTRUCTION OF STATUTE. Where persons assembled primarily for the purpose of driving away or frightening certain employees at a railway station, but, while so assembled, threw coal around the waiting room, and against the walls, forced open the door of the private office, and broke the lock thereof, *held*, that they were guilty of riotously assembling together to injure a building, within the meaning of section 4070 of the Code.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

WEDNESDAY, JANUARY 17, 1894.

J. H. JOHNSON, Phil Davis, Fred Coryell and Dick Wires were charged by indictment with riotously assembling together to injure a building. They demanded separate trials, and the state elected first to try Davis. A jury was accordingly impaneled, and the trial was commenced. After the evidence on the part of the state had been submitted, a motion to direct a verdict for the defendant Davis was sustained, and judgment was rendered in his favor. The state appeals.—*Reversed.*

*Byron W. Preston*, for the State.

No appearance for appellee.

ROBINSON, J.—The defendants were indicted under section 4070 of the Code, and an appeal was taken by the state, for the purpose of obtaining an interpretation of the section for use in the further prosecution of the case against the defendants not yet tried. The portions of the section specified which are material to a determination of the appeal are as follows:

"Section 4070. If any person or persons unlawfully or riotously assembled, * * * injure * * * any dwelling house or other building * * * he shall be punished by imprisonment in the penitentiary not more than five years, or by fine not exceeding five hundred dollars and imprisonment in the county jail not more than one year. * * *"

The evidence shows that the defendant Johnson had been the agent and telegraph operator of the Chicago, Rock Island & Pacific Railway Company, at its station in the town of Leighton, but, at the time of the occurrence in controversy, he was out on a strike. In the evening of December 23, he was seen in Des Moines, where he was heard to say, in effect, that he was going to Leighton, and get the miners drunk, and

have them take the agent. In the evening of December 25 a crowd of fifteen or twenty persons gathered at the depot in Leighton, where many of them remained several hours. Some, if not all, of them were intoxicated, and their conduct was of a disorderly and riotous character. They indulged in much threatening, profane, and obscene language; threw coal around the waiting room, and against the walls; and the door of the private office was forced, and the lock on it broken. Their conduct was such that people who were there to take a train left before it came. The demonstrations of the crowd were directed chiefly towards the man who had taken Johnson's place, and toward other railroad employees who were with him, and no doubt were prompted by friendship for Johnson, and enmity for the man who had succeeded him. The appellee, Davis, was one of the crowd, and took an active part in what was done. There can be no doubt that the assembly was unlawful and riotous, and that it injured the building of the railway company.

The motion which was sustained by the court was as follows:

"The defendant now moves the court to instruct the jury to return a verdict for the defendant, for the reason that under section 4070 of the Code, under which this indictment is found, the evidence does not warrant a conviction; *second*, for the reason that the evidence is not sufficient to warrant a conviction of the defendant; *third*, for the reason that the evidence shows that the defendant is not guilty of the crime charged; *fourth*, for the reason that the evidence shows that the defendant was not attempting to destroy or injure the building; that he was not attempting to injure or destroy the building, together with other persons."

The fact that the purpose of the men who formed the assembly was primarily to drive off or frighten the

railway employees, and not to injure the building, is not important in fixing their guilt of the offense charged. If they had assembled for a lawful purpose, but, while so assembled, formed the purpose of doing an unlawful act, and, while in that condition, injured the railway building, the assembly was unlawful, and persons composing it were guilty of the statutory offense in question; and the same would be true in the case of a riotous assembly. The section under consideration is not intended to punish the unlawful or riotous assembly. That is provided for by section 4066, which makes it unlawful for three or more persons to assemble together in a violent or tumultuous manner to do an unlawful act. The evidence submitted showed that an offense defined by section 4070 had been committed, and that the defendant Davis, with others, was guilty of it.

It follows that the motion to direct a verdict should have been overruled. REVERSED.